PITNER *v.* FEDERAL LAND BANK OF COLUMBIA *et al.*

No. 8069. APRIL 16, 1930.

*William E. Mann* and *W. Gordon Mann,* for plaintiffs.

*Oliver R. Hardin,* for defendants.

RUSSELL, C. J. Mrs. Emma I. Pitner, for herself and as next friend of Harry and Roy Pitner, minors, filed a petition against the Federal Land Bank of Columbia, South Carolina, and J. T. Bryant as sheriff of Whitfield County, seeking an injunction to prevent being ousted or interfered with by reason of a farm cultivated by them having been sold under an execution as the property of W. H. Pitner. The petition alleges that plaintiffs leased the described premises from W. H. Pitner on October 1, 1928, for a term of three years, for a cash consideration of $1050, and have cultivated it since then; that crops are growing on the land, on which petitioners expended large sums of money; that part of the land was subrented by them to tenants; and that if they are ousted the damage will be inestimable in money. They prayed "that the defendants be enjoined and restrained from ousting petitioners or either of them or their tenants, or from interfering in any way with the premises or petitioners' possession thereof with their lease." Attached to the petition as an exhibit was a copy of the lease referred to. The petition was dismissed on motion, as setting forth no cause of action. To this judgment the plaintiffs excepted.

As has frequently been held, a motion to dismiss is the quasi-equivalent of a general demurrer. It is an effectual substitute for a general demurrer where no demurrer has been filed at the proper time. For that reason, a motion to dismiss is in order at any term of the court, and is not confined to the appearance term.

Plaintiffs allege that the premises were leased for three years for a cash consideration of $1050, and this is equivalent to a money rental of $250 per year. There was growing on the land, as alleged, a crop in the year 1930, which the petitioners had cultivated and on which they had expended large sums of money, and a part of which they had subrented to tenants. From these allegations it does not appear that the purchaser of the land, whom the sheriff was alleged to be about to place in possession, was making any claim to a proprietary interest in the crops themselves. In other words, there is no prayer asking that the defendants be enjoined from gathering the crops or disposing of them. As alleged in the petition, the farm cultivated by petitioners had been sold under an execution against Pitner, the lessor, as his property, and in pursuance of the sale Bryant, the sheriff, was about to place the

purchaser in possession of the land purchased by him. In these circumstances, a writ of possession ordering the sheriff to place the purchaser in possession can not be restrained by injunction. *Paramore* v. *Persons,* 57 *Ga.* 474 (2). No facts are alleged indicating any act on the part of the sheriff or of the defendant purchaser which would deprive the petitioners, as lessees or tenants, from collecting their emblements, the proceeds of their labor in the cultivation of the crops upon the land. There is no allegation of insolvency. So, conceding that the petition is sufficient to charge the danger of an impending trespass of some kind, the petitioners merely seek to restrain and enjoin a trespass. As frequently held, the general rule is that injunction will not be granted to restrain a mere trespass, though in many instances injunction is the proper remedy to prevent a continuing trespass, for one reason, in order to prevent a multiplicity of suits. There being no allegation that the lease was made with the debtor prior to the rendition of the judgment in pursuance of which the writ of possession was about to be executed, it must be assumed (under the well-settled rule that pleadings must be construed most strongly against the pleader) that the contract of lease was subsequent to the judgment. In this view of the matter, the well-settled rule applies, that he who deals with property of any kind which is subject to levy and sale under a pre-existing judgment does so subject to the judgment.

<div align="center">

*Judgment affirmed.   All the Justices concur.*